# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-CV-03535-AB (PDx) | Date: | August 18, 2022 |
|---|---|---|---|

Title: *Kyle James v. H & R Accounts, Inc.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Appearing  None Appearing

**Proceedings:**  **[In Chambers] ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant H & R Accounts, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (Mot., ECF No. 18.) Plaintiff Kyle James ("Plaintiff") did not file an opposition.[1] The Court finds this matter appropriate for resolution without a hearing, and **VACATES** the August 26, 2022 hearing. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons stated below, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

On May 23, 2022, Plaintiff filed a Complaint against Defendant, an Illinois corporation with its principal place of business in Moline, Illinois, for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq*. *See* Compl. at ¶¶ 1, 4, ECF No. 1.

---

[1] Although Plaintiff did not file an opposition to the instant Motion, Plaintiff filed a Motion to Compel Arbitration, *see* ECF No. 21, and a Corrected Motion to Compel Arbitration, *see* ECF No. 25.

The Complaint alleges that in December 2021, Alexys Brandon "reviewed her credit report on 'Experian'" and observed trade lines from Defendant, a debt collector as defined under the FDCPA.  Compl. at ¶¶ 8-10.  Defendant "furnished a trade line of $4,929.00, allegedly owed to Banner Health."  *Id.* at ¶ 11.  The Complaint alleges Defendant "reported an open date on the listed trade line [as] December 2, 2021."  *Id.* at ¶ 13.

On December 28, 2021, Ms. Brandon spoke with a representative of Defendant, who informed her that the actual date of last payment was April 24, 2021.  *Id*. at ¶ 12.  The Complaint alleges that Defendant "reported a false and different open/defaulted date," *i.e.*, December 2, 2021, when it "knew the true open date was April 24 2021."  *Id*. at ¶ 13.  According to the Complaint, the "publishing of such inaccurate and incomplete information has severely damage[d] the personal and credit reputation of Plaintiff and caused severe humiliation, emotional distress, mental anguish and damage to [his] FICO scores."  *Id*. at ¶ 14.  As a result of Defendant's alleged violations under the FDCPA, Plaintiff asserts he is entitled to, among other things, actual and statutory damages.  *Id*. at ¶ 18.

Although the conduct alleged in the Complaint personally occurred to Ms. Brandon, pursuant to a contract titled, "Assignment of Claim for Damages" (the "Contract"), Plaintiff alleges that Ms. Brandon transferred 100% of her claims under the FDCPA.  *Id.* at ¶ 3.  The Contract, which is attached to the Complaint, was executed by Plaintiff and Ms. Brandon on May 5, 2022.  *Id.* at ¶ 6.  The Contract purports to transfer Ms. Brandon's interest in "any and all claims, demands, and cause or causes of action" that arise out of the FDCPA as well as other federal and state statutes to Plaintiff.  *Id.*  Furthermore, the Contract states Plaintiff "may in its own name, or under [Ms. Brandon's] name, and for its own benefit prosecute, collect, settle, compromise, and grant releases on said claim(s) in its sole discretion deemed advisable."  *Id.*

The Complaint asserts jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 because Defendant transacts business in Los Angeles County and the conduct alleged in this Complaint occurred in Los Angeles County.  *Id*. at ¶ 2.

## II.  LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) is "functionally identical" to a motion to dismiss under Rule 12(b)(6).  *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  As such, the same legal standard applies to both motions.  *Id.*

To survive a motion to dismiss or for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.

Courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft*, 556 U.S. at 679. Courts must also draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

If a court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a), leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations and internal quotation marks omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008); *see also Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1049 (9th Cir. 2006).

### III. DISCUSSION

Defendant seeks dismissal of the Complaint because Plaintiff lacks standing to sue as an assignee of Ms. Brandon's FDCPA claims and the Complaint fails to state a claim upon which relief may be granted. *See generally* Mot. Defendant's Motion is granted for the following two reasons.

First, Plaintiff failed to oppose Defendant's Motion. Under Local Rule 7-

12, "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12. Defendant filed its Motion on July 21, 2022, and timely set it for a hearing on August 26, 2022. *See generally* Mot. Plaintiff's opposition was due on August 12, 2022, but as of this Order, Plaintiff has not filed an opposition. Accordingly, Plaintiff's failure to file an opposition provides independent grounds for granting the Motion. *See* L.R. 7-12.

Second, the Court finds Plaintiff lacks standing to assert the assigned FDCPA claims.[2] The Constitution limits federal courts to deciding cases and controversies. *See* Art. III, § 2; *see also Fed. Election Comm'n v. Cruz*, 142 S. Ct. 1638, 1646 (2022). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case[.]" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (internal citation omitted). The Supreme Court has held that the constitutional requirement of standing contains three elements. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is concrete and actual or imminent, not hypothetical. *Id.* at 560. Second, there must be a causal connection between the injury and the conduct complained of. *Id.* Third, it must be likely, not speculative, that the injury will be redressed by the court. *Id.* at 561.

Standing cannot be "inferred argumentatively from averments in the pleadings," but rather "must affirmatively appear in the record." *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004), (quoting *Grace v. Am. Cent. Ins. Co.*, 109 U.S. 278, 284 (1883) and *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). The burden is on the party who seeks the exercise of jurisdiction in their favor. *Id.* at 231 (internal citation and quotation omitted). The Supreme Court has rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right" because Article III standing requires a concrete injury. *TransUnion LLC*, 141 S. Ct. at 2205 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016)).

Defendant asserts that Plaintiff lacks standing to sue as an assignee of Ms. Brandon's FDCPA claims because these claims are non-assignable under

---

[2] Having found Plaintiff lacks standing to assert the FDCPA claims, the Court need not address Defendant's arguments regarding whether the Complaint fails to state a claim upon which relief may be granted.

California law and Ms. Brandon—not Plaintiff—was harmed by the alleged actions. *See generally* Mot. Plaintiff's ability to assert the FDCPA claims hinges on whether the assignment of the FDCPA claims is valid, which is governed by California law. *See Goodley v. Wank & Wank, Inc.*, 62 Cal. App. 3d 389, 393 (Cal. Ct. App. 1976). Under California law, "causes of action for personal injuries arising out of a tort are not assignable …." *Id*. at 393; *see also* Cal. Civ. Code § 954 ("A thing in action, arising out of the violation of a right of property, or out of an obligation, may be transferred by the owner."). Here, the FDCPA claims are not assignable because they all pertain to harm caused to an individual's reputation, which is neither a cause of action arising from a violation of a right of property or out of an obligation. *See* Cal. Civ. Code § 954; *see also Goodley*, 62 Cal. App. 3d at 394 (holding "causes of action for personal injuries arising out of a tort are not assignable nor are those founded upon wrongs of a purely personal nature such as to the reputation of the feelings of the one injured.").

Plaintiff also lacks standing to assert Ms. Brandon's claims for severe humiliation, emotional distress, mental anguish and damage to the FICO scores because these are tort injuries that occurred to Ms. Brandon; not Plaintiff. Notably, another district court within this circuit recently dismissed a factually analogous lawsuit filed by Plaintiff in the Western District of Washington, *James v. Puget Sound Collections*, No. 22-5237 RJB, 2022 WL 2357050, at *1 (W.D. Wash. June 30, 2022) ("*Puget*") because the alleged injuries had not occurred to Plaintiff. In *Puget*, Plaintiff alleged that Helen Woodke had assigned 100% of her FDCPA claims, which were based on the improper reporting of her debt to credit agencies, to Plaintiff. *Id.* at *2. Based on this assignment of claims, the Complaint alleged that the "publishing of () inaccurate and incomplete information ha[d] severely damaged the personal and credit reputation of Plaintiff and caused severe humiliation, emotional distress, mental anguish, and lower FICO Scores." *Id*. However, the district court in *Puget* reasoned that the injuries in the Complaint were injuries to Ms. Woodke's mental health and credit—not to Plaintiff's mental health nor credit. *Id*. Because relief under the FDCPA is available only to an individual who sustains damages through a debt collectors' violations to that individual, the district court held Plaintiff did not have standing to pursue the lawsuit since he was not the injured party. *Id.* (internal citation omitted).

Similarly, in *Dotson v. Transworld Sys., Inc.*, No. CIV-22-29-D, 2022 WL 2655785, *1 (W.D. Okla. July 8, 2022), the plaintiff brought a lawsuit asserting FDCPA claims that had been assigned to the plaintiff by another individual, Danae Parker. The operative complaint alleged that the publishing of "inaccurate and

incomplete information ha[d] severely damage[d] the FICO scores, personal, credit reputation of Ms. Parker and caused severe humiliation, and emotional distress and mental anguish." *Id.* at *1. The district court held that these causes of action sought to remedy a personal harm, which is legally unassignable, and thus, the plaintiff, who was personally uninjured, did not have standing to pursue the lawsuit. *Id.* at *2-3.

Accordingly, Plaintiff lacks standing to pursue the FDCPA claims because these claims are unassignable and seek to remedy a personal harm that was not suffered by Plaintiff.

Finally, the Court finds that Plaintiff's claims cannot be salvaged by amendment because Ms. Brandon's FDCPA claims are non-assignable and Plaintiff, therefore, lacks standing to sue. *See Goodley*, 62 Cal. App. 3d at 393; *see also James*, 2022 WL 2357050, at *2; *Dotson*, 2022 WL 2655785, at *2-3. Accordingly, leave to amend the operative complaint is not appropriate.

## IV. CONCLUSION

For the following reasons, Defendant's Motion is **GRANTED** without leave to amend, and thus, Plaintiff's Motions to Compel Arbitration are **DENIED as MOOT**. *See* ECF Nos. 21, 25. The matter is **DISMISSED with prejudice** and all upcoming dates and deadlines are **VACATED**.

**IT IS SO ORDERED**.